White, J.
I concur in granting a new trial in this case. I think the court and the parties were right when on the trial, the opening and concluding the argument was granted to the defendant’s counsel, and this must have been founded on the fact, that the burthen of the proof was on the defendant. That it was for him to make out in proof, the truth of his plea, which was, that the sloop Julia Ann and Rebecca with &c. at the time &c, were his property, and not the property of plaintiff. He did not do this. He not only failed in proof, but did not on the trial pretend, that the whole of the sloop &c. were his; he only claimed the one moiety. Yet the jury rendered a verdict for the defendant generally. This was finding his right good, for the whole, according to his plea. For this finding, there was in my opinion no warrant in the evidence, and the verdict for this cause is wrong.
But the defendant craved leave to amend the verdict, and by the amendment to say, that the jury find, that the sloop, with &c. is not the plaintiff’s in manner and form as in the declaration is alleged; but that one moiety thereof is in the defendant in his own right, and that he is entitled to a return of the whole into his possession, as at the time of the commencement of this action. This would be contrary to the issue joined, which the jury were sworn to try; and for this I think a new trial should be granted.
*361 If the defendant claimed right in himself and did not go for the whole, he should have pleaded so as to have given the plaintiff information by his plea, what his claim or right was; and have so tendered or joined an issue, that it could be put to the jury to try and determine the true point in dispute between the parties.
I cannot see that justice has been done by the verdict of the jury, and if it has, I do not think it has been done according to the principles of law; and in my opinion, a new trial should bo granted.
Nevius, J.
This suit was brought for a sloop called the “Julia Ann and Rebecca,” with her anchor &c.
The declaration is in usual form, to which the defendant pleaded property in himself in bar, as follows: “ Actio non — because the said sloop at the time when &c. was the property of said defendant, and not of the said plaintiff, as by the said declaration is supposed, and this he is ready to verify.” To this plea the plaintiff replies, “ Preaiudi non — because he says, that the said sloop at the time when &c. was not the property of the defendant, but of him the said plaintiff, in manner as he has above in his declaration alleged, and this he prays may be enquired of by the country.”
Upon the trial of this cause at the Mercer Circuit, in Sept. 1838, the plaintiff proved title to the property in himself, by the production of certain bills of sale, and the payment of the purchase money; and then rested.
The defendant then called witnesses who testified, that he had been negotiating for the vessel before she was sold to the plaintiff, that she was owned in partnership by himself and the plaintiff, and that the bill of sale was taken in the plaintiff’s name to protect the property from his (the defendant’s) creditors, he being embarrassed with debts and judgments at the time.
To this, the plaintiff offered rebutting evidence, showing or tending to show, that the vessel was entirely his own. The evidence being closed, the judge upon the application of the defendant’s counsel, decided that the defendant held the áffirmative of the issue, and was entitled to the opening and reply before the *362 jury. The cause being argued in this order, the court charged the jury.
First, That the plaintiff had shown conclusively by bills of sale, that the vessel was sold to him.
Second, That no bill of sale was necessary to transfer the title to the defendant; and if the jury believed that there was an agreement between the parties, that the defendant should have part of the vessel, he was entitled to the verdict.
Upon this evidénceand charge, the jury rendered a verdict for the defendant.
In drawing the postea, the counsel set forth the verdict in this form: “That the jury find the property to be in the defendant.”
Upon opening the argument in this court and pursuant to notice given for that purpose, the defendant moved for liberty to amend the postea so as to make the verdict conform to the issue which he then insisted was property or no property in the plaintiff. The court yielded to this motion and ordered the amendment to be made.
In urging this motion, the defendant’s counsel seem to have abandoned the position assumed by them at the Circuit, that the affirmative of the issue was with him, that the onusprobandi was upon him, and that he was entitled to the reply, for if he was right in that position and the proof supported his affirmation of title, then the verdict as presented in the postea, before amendment, was correctly presented, and the amendment should not have been made. The postea does not appear to have been drawn up by mistake, but with the view to answer the issue which the defendant’s counsel, and the judge who tried the cause, supposed was made by the pleadings.
This leads to the inquiry, what was the true issue presented by the pleadings? If that issue was as the defendant contended at the trial, whether the property in the vessel was, or was not in him, then the verdict was not sustained by the evidence, for the-plea, that the defendant was the owner of the vessel, was not supported by proof that he was part o“wner with the plaintiff. In allowing the postea to be amended this court has determined, and I think rightly, that the judge at the Circuit was in error in adjudging, that the defendant held the affirmative of the issue.
The action of replevin is a peculiar one, both parties are said *363 to be actors. The defendant may plead a variety of pleas in bar. If he rests his defence upon the plea of non oepit, the only issue presented is, that he did not take the chattel, and upon that issue the plaintiff must prove the taking, and if he fails to do so, the verdict must be for the defendant. If the defendant cannot deny the taking or does not wish to put his defence upon that ground, he may justify by reason of ownership, and plead title in himself, or in a stranger, or in himself and the plaintiff; and by such plea he admits the taking, and puts in issue the plaintiff’s title by traversing it, and setting up title in himself or in another. It is not sufficient for him to deny the plaintiff’s property, merely, for the plaintiff might be entitled to a recovery though he had no absolute right of property in the chattel, for he may have such a right to the possession of it, as to warrant his recovery. Nor will it answer for the defendant to plead title in himself and stop there, because that is no answer to the plaintiff’s allegation of property; he most therefore, not only set up his own title, but traverse and take issue upon the plaintiff’s. If the plaintiff cannot controvert the defendant’s title, but means to rely upon a paramount right of possession, he will reply by admitting the title of the defendant and insist upon such right of possession, on which the defendant may take issue. But if he means to rely upon his right of property, he, by his replication reaffirms such title and traverses the defendant’s. This form of the plea and replication is conformable to the precedents laid down in all the hooks of practice in such cases, and constitutes a double issue, each party holding both an affirmative and negative in relation to his own and his adversary’s title. Upon these pleadings and issues, the plaintiff cannot put the defendant to the proof of his title, until he himself has given some evidence of his own title; for his declaration in addition to the averment of his possession and the defendant’s taking, also contains an averment of his title, which the defendant has traversed. And the law having by this action given him this summary remedy to regain the possession of a chattel which the defendant has taken and to which lie claims right, will require the plaintiff to show title, before it will adjudge him entitled to retain the possession.
Upon these pleadings, the plaintiff, need not prove that he was in possession and that the defendant deprived him of the posses *364 sion of the chattel; for the defendant, by his plea, has admitted these facts, but he is driven by this plea to give some evidence of title and if he fails to do so, he must-be non suit and the defendant will be entitled to judgment of retorno habendo. The true issue therefore, which in this case was presented to the jury for their verdict, was whether the property in the vessel was or was not in the plaintiff, and he held the affirmative of that issue, and the onus probandi was upon him. And all parties at the commencement of the trial, seem so to have understood it, for the plaintiff in the first place introduced his evidence of title.
I am therefore of opinion, that the court erred in giving to the defendant the opening and reply before the jury: but for this cause alone, I am unwilling to grant a new trial, for it does not appear to have affected the rights of the parties or the fairness of the trial. The cause was conducted, till the argument before the jury, upon the principle, that the plaintiff held the affirmative of the issue.
The plaintiff then having given evidence of his title to the vessel, the defendant could not overcome that evidence and entitle himself to the verdict of the jury, by barely disproving the plaintiff’s title, or by proving a title in a stranger; but was bound to prove a title corresponding with his plea. That is, either an absolute property in himself or a legal right to the possession. He did neither. The most he did prove, was a joint property in himself and the plaintiff, and that did not entitle him to the exclusive possession, nor to the verdict of the jury. I think therefore, that the judge was wrong in charging the jury, that if they believed that there was an agreement between the parties, that the defendant should have part of the vessel, that he was entitled to their verdict, and for this cause the verdict should be set aside. •

Rule made absolute.

Cited in Emmet v. Briggs, 1 Zab. 56; Hunt v. Chambers, 1 Zab. 424; Chambers v. Hunt, 2 Zab. 557; Outcalt v. Burling, 1 Butch. 447.